# United States District Court
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION
DOCKET NUMBER: _____

CARLOS ALMODOVAR,

        PLAINTIFF

v.

ROBERT WILKIE, SECRETARY, UNITED
STATES DEPARTMENT OF VETERANS
AFFAIRS,

        DEFENDANT

## COMPLAINT AND JURY TRIAL DEMAND

NOW COMES Carlos Almodovar [hereinafter "the Plaintiff"] and files this law suit against Robert Wilkie in his capacity as the Secretary of the Department of Veterans Affairs and states as follows:

1. This is an action for damages against Robert Wilkie, the Secretary of the U.S. Department of Veterans Affairs [hereinafter "Defendant"] for disability, retaliation, and gender discrimination against the Plaintiff with respect to the terms and conditions and privileges of employment because he is disabled due to his wartime service with the U.S. Navy as a Corpsman with the Fleet Marines, participated in the Equal Employment Opportunity (EEO) process, and his sex (male gender).

## I. JURISDICTION

2. This action arises under Title VII of the Civil Rights Act of 1964, as

1

amended, 42 U.S.C. 2000e, et seq., and the Civil Rights Act of 1991, 42 U.S.C. 1981(2018).

3.  The Court has jurisdiction pursuant to 28 U.S.C. 1331 and 28 U.S.C. § 1343(4) (2018).

## II. VENUE

4.  Venue is proper in the U.S. District Court for the District of Massachusetts because the Defendant is headquartered in the District of Columbia and part of the events giving rise to the claims herein have occurred in Bedford Massachusetts and under the Defendant's New England Health Care System, Administrative Offices located at 200 Springs Road, Building 61 Bedford, MA 01730. The Defendant is subject to personnel jurisdiction. *See* 28 U.S.C. § 1391(e) and part of the alleged acts of discrimination took place in the Commonwealth of Massachusetts.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.  All conditions precedent to bringing this action have occurred.

6.  The jurisdictional prerequisites of this lawsuit have been satisfied.

7.  As required Plaintiff sought timely EEO counseling for the alleged discrimination on or about March 15, 2016.

9.  Subsequently Plaintiff filed a Formal Complaint of Discrimination against the Defendant with Defendant's Office of Resolution Management (ORM) on or about April 8, 2016 that was accepted and assigned ORM Complaint Number: 200H-0402-2016102073.

10. In or about December 2016 the Defendant's ORM accepted Plaintiff's Formal Complaint of Discrimination and issued its Final Agency Decision in favor of the Defendant.

11. On January 5, 2017 Plaintiff filed a timely appeal with the Equal Employment Opportunity Commission (EEOC) which was accepted and docketed as EEOC Case No: 520-2017-00248X.

12. Since the date of Plaintiff's filing of an appeal with the EEOC it has been approximately 636 days without a final decision by the EEOC.

13. On August 22, 2018 the EEOC conducted a prehearing conference as its first action in Plaintiff's appeal and subsequently assigned a future hearing date of January 23, 2019 meaning the earliest final decision possible would be 748 days after filing his appeal with the EEOC. Plaintiff has chosen to file this action with this Court as allowed by law. *See* 29 C.F.R. §1619.407(d) (2018).

### IV.   PARTIES

14. The Plaintiff is a resident of the Town of Brunswick, State of Maine, in County of Cumberland.

15. Defendant the United States Department of Veterans Affairs [hereinafter "the Defendant"] is "an executive department" of the United States government, pursuant to 38 U.S.C. § 301, and an "agency" within the meaning of the Administrative Procedure Act (APA) 5 U.S.C. § 551(a) (2018).

16. The Defendant agency is presently headquartered at 810 Vermont Avenue NW, Washington, DC 20571. Defendant Robert Wilkie is the Secretary of the Department of Veterans Affairs and is responsible for its "control, direction, and management." *See* 38 U.S.C. § 303 (2018). Defendant Wilkie is sued in his official capacity as the Secretary of the Department of Veterans Affairs.

17. At all relevant times Defendant has employed more than twenty employees and otherwise met the jurisdictional prerequisites of Title VII of the Civil Rights Act of 1964 as adopted by the Americans With Disabilities Act.

18. At all relevant times, Defendant agency has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2) and this Court has jurisdiction of the claims in this complaint pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., and 28 U.S.C. § 1331.

### IV. FACTUAL ALLEGATIONS

19. Plaintiff is employed as a Diagnostic Radiologic Technologist at the Defendant's Department of the Veterans Affairs Hospital in Togus, Maine which is part of the New England Health Care System located at 200 Springs Road, Building 61 Bedford, MA 01730. The Defendant is subject to personnel jurisdiction. *See* 28 U.S.C. § 1391(e).

20. Beginning in 2013, and continuing to the present, Plaintiff was repeatedly denied training and employment opportunities. The training opportunities included Magnetic Resonance Imaging (MRI) training and employment opportunities that included Lead Diagnostic Radiologic Technologist.

21. Defendant denied Plaintiff employment and other benefits and privileges of employment and subjected him to retaliation and a hostile work environment based on his participation in prior EEO protected activity that included the investigation and testimony in a coworkers 2012 discrimination complaint, and complainant's 2013 racial discrimination complaint. The Plaintiff's racial discrimination complaint was settled in his favor with a 2014 settlement agreement. During the same time periods Plaintiff was and continues to be subjected to on discrimination and retaliation because of his protected activity, disability, and male gender.

22. Defendant's Chiefs of the Radiology Service that included Dr. Charles Crans, the Boston, Massachusetts Radiology Supervisor, Radiology Supervisors Keith Thibault, and Kimberly Metcalf, repeatedly refused to select Plaintiff for positions for which he was qualified that included Lead Radiological Technician and MRI Supervisory Position had he received the denied training.

23. The Defendant and responsible management officials (ROM's) appointed lesser qualified applicants over the Plaintiff who is a 100% preference-eligible disabled veteran without the proper procedures required by the Office of Personnel Management (OPM) and without delegated authority.

24. The Defendant and responsible management officials (ROM's) appointed lesser qualified female applicants over Plaintiff who is a 100% preference-eligible disabled veteran without designated authority from the Office of Personnel Management (OPM), and failed to follow other regulatory requirements and law.

25. The effect of the practices complained of by Plaintiff in this action have deprived him of equal employment opportunities and otherwise adversely affect his status as an employee and benefits and privileges of employment because of his disability, sex (male gender), and in retaliation for participating in the protected activities of the EEO process.

26. The Defendant and RMO's, which included the facility director, knew Plaintiff protested the discriminatory practices complained of herein without remedial action being taken. Defendant and RMO's knew, or should have known, that its practices were unlawful and in violation of Plaintiff's civil rights.

27. The Defendant's conduct described herein allege conduct which constitutes unlawful employment practices and discrimination against Plaintiff on account of his known

disability and or perceived disability and exercise of his rights protected by the American with Disabilities Act (ADA) in violation of 42 U.S.C. §§ 12112 and 12117 (2018).

28. Defendant's took the aforementioned actions against Plaintiff in retaliation for prior his prior and continuing protected activity which include testifying in an EEO complaint in 2012, for filing a complaint of racial discrimination in 2013 that was settled in his favor in 201, and continuing to oppose Defendant's violation of his civil rights.

29. The unlawful employment practices complained of were and are intentional and continuing as of the date of filing action.

30. By the conduct described in Paragraphs 19 through 29 above, Defendant has engaged in unlawful employment practices and discriminated and retaliated against Plaintiff on account of his known disability and or perceived disability and exercising of his rights protected by the ADA in violation of 42 U.S.C. Section 12112, and for retaliation for participation in the protected activity of the EEO process.

## COUNT I

## DISABILITY DISCRIMINATION

31. Plaintiff incorporates herein the allegations set out in paragraphs one through 1-30 as if the same were fully set forth at length.

32. Defendant continues to deny Plaintiff training that would qualify him for employment, advancement, and privileges and benefits of employment that include higher pay and responsibilities because he is a 100% disabled wartime service connected veteran.

33. On January 22, 2016 Defendant did not select Plaintiff for the position of Lead Radiological Technician in violation of his civil rights. Defendant selected a lesser qualified

and/or non-preference eligible applicant. The Defendant continues selecting lesser qualified and or non-preference eligible applicants for positions and training Plaintiff is qualified for.

34.     Defendant denied, and continues to deny, training leading to promotions such as providing and or overseeing MRI procedures. By denying Plaintiff training the Defendant is denying him the benefits and privileges of employment that include higher pay and responsibility.

35.     Defendant denied, and continues to deny, employment that would give Plaintiff an increase in salary and other benefits and privileges of employment because of his known or perceived disability of a 100% wartime service connected disabled veteran.

36.     Defendant's disability discrimination against Plaintiff is continuing.

## COUNT II

## RETALIATION

37.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 36 as if the same were fully set forth at length.

38.     Plaintiff was and is being denied employment based on his prior EEO protected activity which included a discrimination complaint by a coworker in 2012 and his 2014 EEO racial discrimination complaint that was subsequently settled in his favor.

39.     The Defendant's failure to provide Plaintiff and training and other employment and its benefits constitutes harassment in violation of Title VII of the Civil Rights Act of 1964.

40.     Defendant's collective conduct and actions against the Plaintiff are because he is a 100% wartime service connected disabled veteran and preference eligible, and for participation in the protected activity of the EEO process.

41. Since his participation in protected EEO activities that included, opposition to discriminatory conduct, investigations of alleged discriminatory conduct, and EEO testimony by Plaintiff the Defendant has harassed Plaintiff and its harassment and retaliatory conduct is ongoing.

42. Plaintiff has been damaged by the Defendant's prohibited conduct which includes failure to employ, failure to provide training needed for retention and promotions, and higher pay and other benefits and privileges of employment currently and in the future.

## COUNT III

### SEX (GENDER) DISCRIMINATION

43. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 42 as if the same were fully set forth at length.

44. The Defendant took collective conduct and actions against the Plaintiff by denying him employment and training because of his male gender in violation of Title VII of the Civil Rights Act of 1964.

45. The Defendant's actions against Plaintiff have created a work environment that is intimidating, hostile and offensive to the Plaintiff that would be considered hostile and offensive by a reasonable person.

46. Plaintiff has lost wages due to the prohibited conduct by Defendant.

## COUNT IV

### HARASSMENT AND HOSTILE WORK ENVIRONMENT

47. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 46 as if the same were fully set forth at length.

48. The Defendant took collective conduct and actions against the Plaintiff by denying him employment and training because he 100% wartime service connected disabled veteran and because of his male gender which constitutes harassment in violation of Title VII of the Civil Rights Act of 1964.

49. The Defendant's actions against Plaintiff have created a work environment that is intimidating, hostile and offensive to the Plaintiff that would be considered hostile and offensive by a reasonable person.

50. Plaintiff has lost wages due to the Defendant's prohibited conduct.

## COUNT V

### DISPARATE TREATMENT- FAILURE TO HIRE AND PROVIDE TRAINING ON ACCOUNT OF DISABILITY and SEX (GENDER)

51. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 50 as if the same were fully set forth at length.

52. The Plaintiff is a member of two statutorily protected classes; he is a Hispanic American (Puerto Rican), and he is male.

53. The Plaintiff was and is qualified for the job of Lead Radiological Technician and would be qualified for the MRI Supervisory Position if he had not been subjected to disparate treatment and denied MRI training. He has twenty years of experience of military service as a U.S. Navy Corpsman with the Fleet Marines.

54. The Plaintiff currently has an Associates of Arts in Business Administration Degree.

55. During his military service Plaintiff held the positions of Lead Petty Officer and Lead Radiological Technologist in three X-ray Clinics, and Lead Petty Officer in an ancillary

clinic where he was in charge of X-ray, pharmacy, and other relevant administrative medical services provided to active duty U.S. Marine and Navy Personnel.

56. Plaintiff is a 30% or more disabled male preference-eligible wartime service connected veteran. As such he is entitled to employment rights greater than those of lesser disabled veterans and or other applicants open to United States Citizens. Plaintiff's additional employment opportunity has been given by Congress for wartime service in combat zones as a U.S. Navy Corpsman with the U.S. Navy Fleet Marines.

58. The Defendant's continuing disparate treatment has damaged Plaintiff by its collective conduct, which include failure to employ, failure to provide training leading to employment that include higher pay and other benefits and privileges of employment currently and in the future.

WHEREFORE, Plaintiff requests this Honorable Court to:

A. Enjoin Defendant from engaging in any employment practice that violates Title VII or any other discriminatory law, rules, or regulations, or civil rights;

B. Grant a judgment requiring Defendant to pay to Plaintiff any back wages and back benefits found to be due and owing at the time of trial, compensatory damages in an amount to be proved at trial, and prejudgment interest thereon;

C. Grant Plaintiff costs and an award of reasonable attorney's fees; and

D. Grant Plaintiff such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all counts and claims for relief in this action.

Date: October 2, 2018

Respectfully submitted for
Carlos Almodovar by his attorney,

*/s/ Robert F. Stone*

Robert F. Stone, Esq. (BBO # 644258)
Law Office of Robert F. Stone
P.O. Box 183
South Deerfield, MA 01373
(413) 269-4421
rfstoneesq@comcast.net